# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Timothy Clinton Lorrison,

                Plaintiff,      Case No. 18-cv-10289

v.                                    Judith E. Levy
                                      United States District Judge

Nancy A. Berryhill, Acting
Commissioner of Social Security,    Mag. Judge Stephanie Dawkins
                                      Davis
                Defendant.

_____/

## OPINION AND ORDER ADOPTING THE
## REPORT AND RECOMMENDATION [16]

This is a Social Security benefits appeal. On February 9, 2019, Magistrate Judge Stephanie Dawkins Davis issued a Report and Recommendation ("R&R") (Dkt. 16) recommending that the Court deny plaintiff Timothy Clinton Lorrison's motion for summary judgment (Dkt. 12) and grant defendant's, Acting Commissioner of Social Security Nancy A. Berryhill, motion for summary judgment. (Dkt. 14.) Plaintiff timely filed objections on February 21, 2019 (Dkt. 17), and defendant filed responses. (Dkt. 19.)

I.    **Background**

On December 3, 2014, plaintiff applied for Disability Insurance Benefits based upon physical ailments primarily related to his left leg, including left leg swelling and pain due to deep vein thrombosis, as well as arthritis in the right knee, blood clots in both legs from a coagulation defect, back pain, reduced energy after prostate cancer, and incontinence. (Tr. 11, 16.) The administrative law judge ("ALJ") denied his application for benefits. (*Id.* at 20.) Plaintiff filed for judicial review on January 25, 2018. (Dkt. 1.)

The Court has carefully reviewed the R&R and is satisfied that it is a thorough account of the relevant portions of the record. The Court incorporates the factual background from the R&R. (Dkt. 16 at 2–8.)

## II. <u>Legal Standard</u>

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). A proper objection identifies the portion of the report and recommendation that the party takes issue with and then specifies the factual or legal basis of the error. E.D. Mich. LR 72.1(d)(1); *see Andres v. Comm'r of Soc. Sec.*, 733 F. App'x 241, 244

(6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that dispute the general correctness of the report and recommendation, *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute").

### III. <u>Analysis</u>

Plaintiff has seven objections to the R&R, all of which address the ALJ's residual functional capacity ("RFC") determination, which is the fourth step of the five-step analysis governing the ALJ's evaluation of disability for social security benefits. 20 C.F.R. § 416.920. the reasons set forth below, the Court overrules plaintiff's objections.

#### A. Objection 1

In his first objection, plaintiff disagrees with the ALJ's determination that Dr. Curt Coulter's opinion is entitled to "little weight" despite being plaintiff's treating physician. (Dkt. 17 at 11.) He also objects to the magistrate judge's determination that there is substantial evidence showing that his prostate cancer had not "caused specific physical limitations after surgery." (*Id.* at 13.) Both parts of this objection are improper.

As to the first part of this objection, plaintiff does not identify a specific error committed by the magistrate judge; he only summarizes the ALJ's decision to afford Dr. Coulter's opinion little weight and summarizes legal standards. (Dkt. 17 at 11–12.)

As to the second part of the objection, plaintiff raised these arguments before the magistrate judge. (*Compare* Dkt. 12 at 24 *with* Dkt. 17 at 13.) Again, plaintiff does not identify any specific error by the magistrate judge; he reiterates his arguments and generally disagrees with the R&R. Moreover, labeling the R&R as "contrary to common sense" (Dkt. 17 at 13) does not create a proper objection. The objection is overruled as improper.

**B. Objection 2**

Next, plaintiff argues that the magistrate judge incorrectly determined that the ALJ committed harmless error because the ALJ did not expressly consider the factors listed in 20 C.F.R. § 404.1527(c) and SSR 96-2p in evaluating the opinion of Dr. Coulter.[1] (Dkt. 17 at 14–15.) But plaintiff does not show what error the magistrate judge committed. The magistrate judge concludes that although the ALJ did not discuss each factor formalistically, the ALJ still met the policy objectives of the procedural requirement of going through the factors—"to ensure adequacy of review and to permit the claimant to understand the disposition of his case." *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435,

---

[1] Generally, we give more weight to medical opinions from your treating sources . . . . If we find that a treating source's medical opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's medical opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the medical opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion.,

§ 404.1527(c)(2). Even if an ALJ commits procedural error by not addressing each factor or giving explicit "good reasons," the error is harmless "so long as the decision 'permits the claimant and a reviewing court a clear understanding of the reasons for the weight give a treating physician's opinion.'" *Francis v. Comm'r of Soc. Sec. Admin.*, 414 F. App'x 802, 805 (6th Cir. 2011) (quoting *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 534, 551 (6th Cir. 2010)).

5

440 (6th Cir. 2010)). In other words, the magistrate judge determined that the ALJ provided good reasons that explained her decision not to give Dr. Coulter's opinion controlling weight and what weight she assigned his opinion, which performed the same function as marching through the factors. *See Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 472 (6th Cir. 2006); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004). Plaintiff does not dispute the magistrate's discussion of the ALJ's reasoning. Rather, he simply states that there are no good reasons. This is not a specific objection, although it is a disagreement with the recommendation set forth in the R&R.

Plaintiff also misunderstands the meaning of harmless error in this context. He argues that the magistrate judge was wrong to find that any error made by the ALJ was harmless because it led the ALJ to deny plaintiff benefits. (Dkt. 17 at 14.) But the question is whether despite the procedural error of the ALJ in not addressing each factor in § 404.1527(c), was the plaintiff and this Court able to understand the reasons for the weight the ALJ gave to Dr. Coulter's opinion. The question is not whether plaintiff was harmed by not receiving benefits. Therefore, the objection is overruled.

**C. Objection 3**

Plaintiff objects to the magistrate judge's determination that it was appropriate for the ALJ to afford Dr. Robin Mika's, a non-examining physician, opinion more weight than the treating physician's opinion, Dr. Coulter. Plaintiff primarily argues that there is no legal basis for this weighing of physician opinions. (Dkt. 17 at 16–17.) However, this argument fails.

The Court must affirm the ALJ's findings so long as she applied "the proper legal standard" and the findings are supported by substantial evidence. *Brooks*, 531 F. App'x at 640 (citing *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009)). Here, the question is whether the ALJ applied the proper legal rule as to Dr. Coulter's opinion as the treating source.

Treating source opinions usually receive more weight than non-examining source opinions. *Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 642 (6th Cir. 2013) (quoting § 404.1527(c)(1)). But under "appropriate circumstances," a non-examining physician opinion may be entitled to greater weight than a treating or examining physician opinion, *id.* (quoting SSR 96-9p), such as "where the treating physician's

7

opinion is not well-supported by the objective medical records." *Dyer v. Soc. Sec. Admin.*, 568 F. App'x 422, 428 (6th Cir. 2014) (citing *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376, 379–80 (6th Cir. 2013)). And, greater weight is generally "given to opinions that are 'more consistent . . . with the record as a whole." *Brooks*, 531 F. App'x at 642 (citing § 404.1527(c)(3)–(4)).

In this case, the ALJ did not err. Here, Dr. Coulter's report was not entitled to controlling weight.[2] (Dkt. 16 at 13–23.) Therefore, it was permissible for the ALJ to give Dr. Mika's opinion more weight. The ALJ specifically found that Dr. Mika's opinion was more consistent with the record than Dr. Coulter's, including Dr. Coulter's earlier treatment notes. (Tr. 16–17.) Therefore, the ALJ's decision to give Dr. Mika's opinion greater weight was appropriate under these circumstances.

Plaintiff raises a variety of specific arguments to the contrary, but each fails. First, he argues that Dr. Mika's opinion alone cannot be substantial evidence that supports the ALJ'S RFC determination

---

[2] Plaintiff's arguments to the contrary presume that Dr. Coulter's opinion should have been given controlling weight. However, because plaintiff failed to raise proper objections to the magistrate judge's recommendation that the ALJ's evaluation of Dr. Coulter's opinion is correct, *see supra*, Section III.A, B, the Court accepts the findings of the ALJ that Dr. Coulter's opinion was not entitled to controlling weight.

8

because Dr. Mika did not view the complete record. (Dkt. 17 at 16 (citing *Richard v. Perales*, 402 U.S. 389 (1971); *Sherrill v. Sec. of Health and Human Servs.*, 757 F.2d 803, 805 (6th Cir. 1985); *Jones v. Astrue*, 808 F. Supp. 2d 993 (E.D. Ky. 2011).) However, the ALJ did not rely solely on Dr. Mika's opinion to find that substantial evidence supported an RFC of light work. The ALJ considered the entire record, including Dr. Coulter's opinion, and scrutinized Dr. Mika's opinion appropriately considering the information Dr. Mika reviewed. (*Id.* at 15–17.).

Plaintiff also offers other authorities that explain the weight a non-examining source should receive, but those cases assumed the treating opinion received controlling weight or that the ALJ did not give good reasons for discounting the treating opinion. *Jacques v. Astrue*, 940 F. Supp. 2d 729, 741 (S.D. Ohio 2013) (finding legal error); *Smith v. Astrue*, 565 F. Supp. 2d 918, 925–26 (M.D. Tenn. 2008); *Shelman v. Heckler*, 821 F.2d 316, 320–21 (6th Cir. 1987) (assuming treating opinion is controlling). Here, Dr. Coulter's opinion did not control and the ALJ did give good reasons for discounting Dr. Coulter's opinion.

Finally, plaintiff offers nonbinding precedent to support this objection. In *Hollins v. Astrue*, the district court held that the ALJ could

not entirely disregard a treating source opinion even when the ALJ found that the opinion was "not well-supported by objective medical evidence and was inconsistent with his own treatment notes." 780 F. Supp. 2d 530, 536 (E.D. Ky. 2011). Not only is the Court not obligated to follow this ruling, its reasoning is inapplicable here. Unlike the ALJ in *Hollins*, the ALJ here gave Dr. Coulter's opinion little weight and considered it as part of the entire record. (Tr. 16–17.) For these reasons, the objection is overruled.

### D. Objections 4 and 6

Plaintiff argues that the magistrate judge made a factual error by not considering certain parts of the record during her review of the ALJ's RFC determination that plaintiff can perform light work (Tr. 14). In his fourth objection, plaintiff argues that the magistrate judge did not properly consider whether the plaintiff's RFC should include leg elevation or a more sedentary level of work. (Dkt. 17 at 18.) In his sixth objection, he argues that the magistrate judge did not consider his lower stamina after prostate cancer. (Dkt. 17 at 20.) However, the RFC, as determined by the ALJ, is supported by substantial evidence.

The Court must affirm the ALJ's factual "findings if they are supported by substantial evidence." *Brooks*, 531 F. App'x at 640. Substantial evidence is not a demanding standard—it is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). This standard permits a "zone of choice," meaning that multiple conclusions may be supported by substantial evidence. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F2d 535, 545 (6th Cir. 2001)).

Here, the ALJ's RFC determination meets this standard. Plaintiff's physical and neurological exams were normal prior to the date he was last insured, even considering some "mild low back pain" that restricted minimal motion, a prostate cancer diagnosis, leg pain, and generalized anxiety. (*E.g.* Tr. 457; 460–61; 464–65.) Plaintiff's medical records note that he did not have fatigue. (Tr. 463.) Roughly two weeks before the date last insured, Dr. Coulter noted that plaintiff exercises regularly, though not frequently enough, including weight training. (Tr. 467.) He was also

11

asymptomatic for his coagulation disorder. (Tr. 468.) He was able to maintain a variety of daily activities that included standing and walking during the relevant period, such as shopping, fishing, and housework. (Tr. 57–60, 467.) Moreover, plaintiff's musculoskeletal examination was all normal, as was his psychiatric and neurological exam. (Tr. 689.)

There are only two mentions of leg elevation in the entire record: in Dr. Coulter's opinion, where he explicitly stated that plaintiff does *not* need to elevate his leg (Tr. 504), and in Dr. Coulter's treatment notes from February 2016, where he recommended that plaintiff elevate his leg whenever possible to decrease swelling. (Tr. 448.) The first instance does not have a great impact on the Court's analysis because Dr. Coulter's opinion is afforded little weight. And in the second instance, the ALJ was permitted to give Dr. Coulter's notes less weight because it was after the date last insured. *See Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 845 (6th Cir. 2004); *see also infra* Section III.F.

The only place in the record where there is evidence that plaintiff should remain sedentary is in Dr. Coulter's opinion (Tr. 504), which again the ALJ was entitled to give little weight. And even considering plaintiff's argument that a lack of edema, bleeding, and swelling in the ankles

means that he necessarily has the capacity to stand and walk (Dkt. 17 at 18), there is substantial evidence that he could stand and walk, as shown above.

There is also no support for plaintiff's contention that he was physically limited due to his stamina after prostate cancer. Again, Dr. Coulter's report limiting him to two hours standing and thirty minutes of walking in an eight-hour workday (Tr. 504) is entitled to little weight. Second, plaintiff clearly states in his testimony that he does not feel he is limited *despite* having a stamina that is less than what it was before surgery. In response to the question, "[d]o you feel that the prostate cancer limits your ability to work in any way," plaintiff answered, "[n]o. I don't feel that limits my—I just notice that my energy and stuff hasn't been the same since." (Tr. 51.) Contrary to plaintiff's assertion, the "whole point" is not about any reduction in stamina (Dkt. 17 at 20), but a reduction that demonstrates the RFC is not supported by substantial evidence. For these reasons, this objection is overruled.

### E. Objection 5

Plaintiff asserts that the magistrate judge was wrong to find that he waived his argument that the ALJ's RFC determination was

inconsistent with the definition of light work because he raised it for the first time in his reply brief. (Dkt. 17 at 19.) The Court disagrees.

As the magistrate judge stated, it is inappropriate to raise an argument for the first time in a reply brief. Reply briefs are not designed to provide an opportunity to present new arguments because the nonmoving party is generally unable to respond to the reply brief. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (quoting *Novosteel SA v. United States*, 284 F.3d 1261, 1274 (Fed. Cir. 2002)). Therefore, the guiding question is whether defendant would have been sufficiently on notice of the argument based on plaintiff's brief in support of his motion so that the defendant could have responded to the argument. In this case, defendant would not have been on notice that plaintiff was arguing that the RFC itself was inconsistent with the definition of light work.

In his motion for summary judgment, plaintiff disputes whether he can perform light work according to the RFC. (Dkt. 12 at 19.) He describes his inability to stand or walk for long periods of time, as well as the need to elevate his leg. (*Id.*) He points to Dr. Coulter's opinion that he can only stand for two hours and walk for thirty minutes at a time.

(*Id.*) He does not, however, argue that the ALJ's determination that he can stand for four hours in an eight-hour work day is inconsistent with the definition of light work; he argues that he is unable to perform at the level of work the RFC defines, which is that he could stand and walk for four hours. (*Id.*) The focus of plaintiff's argument is that he could not perform the work defined by the ALJ's RFC determination.

In comparison, plaintiff explicitly addresses the definition of light work in his reply brief. First, he again argues that there is no substantial evidence that he can perform light work. Then he asserts that "[t]he ALJ's finding of an RFC for light work, limited to standing and walking 4 hours of an 8 hour day is internally inconsistent and in violation of Social Security policy." (Dkt. 15 at 8–9.) The thrust of this argument is different from what he argued in his motion for summary judgment, which was that he could not perform at the level of the ALJ's RFC. Defendant was not on sufficient notice so that she could have responded to this argument in her response brief. Therefore, the objection is overruled.

To the extent that plaintiff construes the magistrate judge's waiver recommendation as addressing his argument that there is no substantial

evidence that he could perform light work as detailed in the ALJ's RFC determination, he is mistaken for the reasons set forth above. The magistrate judge addressed whether there was substantial evidence for the RFC determination (Dkt. 16 at 24–25), as has the Court in response to plaintiff's proper objections, *see supra*, Section III.C, D; *infra*, Section III.F.

**F. Objection 7**

Finally, plaintiff objects to the magistrate judge's conclusion that the ALJ impermissibly evaluated the evidence outside of the relevant period from his alleged onset date of June 12, 2015, to his date last insured of June 20, 2015, when she found that it was less relevant than other evidence in establishing the severity of plaintiff's impairments during this period. (Dkt. 17 at 22–23.) Plaintiff specifically criticizes the case law the magistrate judge relied upon to reach her conclusion that the ALJ's treatment of evidence outside of the relevant period was appropriate. (Dkt. 17 at 22–23.)

It is undisputed that the relevant period is the time between the onset date of plaintiff's alleged disability and his date last insured because social security insurance claimants must show that they are

disabled on or before the date last insured. *See* 20 C.F.R. §§ 404.101, 404.130–131. Unsurprisingly, in determining whether substantial evidence supports the ALJ's determination, the emphasis is on that relevant period. *See, e.g.*, *Seeley v. Comm'r of Soc. Sec.*, 600 F. App'x 387, 390–91 (6th Cir. 2015). That is not to say, however, that evidence beyond that period is irrelevant. *See Ellis v. Schweicker*, 739 F.2d 245, 248–49 (6th Cir. 1984). But that evidence "is generally of little probative value" as to whether the claimant is disabled "during the insured time period." *Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 845 (6th Cir. 2004). Similarly, evidence that "predate[s] the alleged onset of disability [is] of limited relevance." *Carmickle v. Comm's, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (citing *Fair v. Bowen*, 885 F.2d 597, 600 (9th Cir. 1989)).

The ALJ's treatment of the evidence outside of the relevant period, June 12, 2015, to June 30, 2015,[3] was appropriate. The ALJ expressly

---

[3] Plaintiff complains about this "tiny window" of time (Dkt. 17 at 21-22), but this period is of plaintiff's own design. He knowingly amended his onset date from January 1, 2011, to June 12, 2015 (Tr. 156), despite clear law that the most relevant period for an ALJ to consider is between the onset of the disability and the date last insured. This was a strategic choice on plaintiff's part. Plaintiff chose to sacrifice a four-and-a-half-year period for an eighteen-day period so that he could be evaluated as a fifty-year-old under the GRID regulations, increasing his chances of a disability determination given his education and skill level. (*See* Tr. 38–38; Dkt. 15 at 7.)

17

stated that she reviewed the entire record in reaching her decision, but found the evidence falling outside of the relevant period to be less persuasive. (Tr. 15.) Moreover, the ALJ considered all of the evidence that plaintiff points to in his objection, including the evidence regarding his coagulation defect, deep vein thrombosis, and even Dr. Coulter's opinion. (Tr. 16.) There is no indication that the ALJ inappropriately disregarded any of the evidence, or that she did not appropriately weigh and scrutinize the evidence.[4] The objection is overruled.

IV. <u>Conclusion</u>

Accordingly, the R&R (Dkt. 16) is **ADOPTED**; defendant's motion for summary judgment (Dkt. 14) is **GRANTED**; and plaintiff's motion for

---

[4] Plaintiff critiques the magistrate judge's use of persuasive authority, *Carmickle*, and implies that *Carmickle* is against binding Sixth Circuit precedent. (Dkt. 17 at 23.) This argument is itself unpersuasive. Evidence outside the applicable period is relevant under some circumstances. *See Richardson v. Heckler*, 750 F.2d 506, 509–510 (6th Cir. 1984); *Ellis*, 739 F.2d at 248–49. The ALJ did not find that the evidence outside the relevant period was irrelevant, only that it was less relevant that other evidence within the relevant period. Thus, the R&R did not improperly rely on persuasive authority. Absent binding precedent, courts and parties are free to turn to persuasive authority.

summary judgment (Dkt. 12) is **DENIED**.

IT IS SO ORDERED.

Dated: March 25, 2019　　　　s/Judith E. Levy
　　Ann Arbor, Michigan　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 25, 2019.

　　　　　　　　　　　　　　s/Shawna Burns
　　　　　　　　　　　　　　SHAWNA BURNS
　　　　　　　　　　　　　　Case Manager